COMMONWEALTH *vs.* A JUVENILE. April 14, 1986. *Identification.*

At the defendant's trial on complaints charging him with delinquency by reason of violating G. L. c. 265, § 18 (assault with intent to murder),[1] and G. L. c. 265, § 15A (assault and battery by means of a dangerous weapon), the sole issue was identification. In the circumstances presented, we conclude that it was error for the judge to refuse to instruct the jury, as requested, on the "possibility of an honest but mistaken identification." *Commonwealth* v. *Pressley,* 390 Mass. 617, 620 (1983).

On December 3, 1984, about 6:30 A.M., the victim was hurrying down the stairs to the subway platform at the Washington Street station in Boston. In his haste, he bumped into someone and apologized without stopping. Upon reaching the platform, he sat on a bench to wait for the train. He was quickly approached by a young Asian male who began shouting at him about having been pushed. The victim, a professional boxer, and the young male exchanged words; one thing led to another, and the young male stabbed the victim in the arm.

As the victim called out for assistance, a group of males within the same age range (high school, college) as the assailant, gathered. Some of the males were carrying books, as was the assailant, and were wearing jackets with logos similar to that worn by the assailant. The assailant joined the group, and they left the area.

Early next morning the victim and police officers returned to the subway station to see if the assailant would appear. The victim pointed out the defendant to the police, who then arrested him.

On numerous occasions, three witnesses, in addition to the victim, identified the defendant as the assailant. By numerous occasions, we mean identifications: (1) by selections of the defendant's picture from an array of six to eight photographs of Asian males; (2) at a bench trial; (3) at a jury trial which ended in a mistrial after the jury were unable to reach a verdict; and (4) at the present trial.

At the instant trial, there were inconsistencies between the victim's prior description of his assailant and his current testimony. Also, the victim testified that when he went to the station the morning after the attack, he was on pain medication, codeine. Again, there were inconsistencies between his testimony as to what effect the medication had on his ability to think and perceive clearly and as to whether the defendant was the first Asian male he saw the morning of his identification.

---

[1] The jury acquitted the defendant of this charge.

In addition to the inconsistencies in his testimony, the victim indicated what could be thought of as understandable hostility towards his assailant, as the stabbing had brought his boxing career to an end. Finally, several times during cross-examination the victim accused defense counsel of attempting to confuse the jury. Some but not all of these remarks were met with rebuke by the judge which can be described as mild at best.

There were discrepancies and inconsistencies between and among the descriptions given by the other witnesses as well as in their own testimony on prior occasions. None of the witnesses knew each other, the victim, or the defendant. The differences in their testimony reasonably could be attributed to the different vantage points from which they had made their observations of the struggle between the victim and the defendant. However, the credibility of these witnesses was bolstered by the prosecutor, who elicited from one the fact that he was an "[E]piscopal seminarian at Harvard" and from all the painstaking care with which each had studied the photographic array.

Testifying in his own behalf, the defendant stated that he was at the subway station on December 3, as that was the train line he took to school every morning. He did not see the victim or any fight on December 3, nor did he meet any friends at the station that morning.

1. For the reasons stated in *Commonwealth* v. *Martin,* 19 Mass. App. Ct. 117, 123-124 (1984), the defendant was not entitled to an instruction on consciousness of innocence.

2. Allegations of reversible error in certain remarks made by the judge are without merit. However, we do think that the victim's accusations that defense counsel was attempting to confuse the jury should have been followed by prompt curative instructions to the jury. In view of the conclusion we reach in the next paragraph, we need give no further consideration to the matter.

3. An instruction to the jury on mistaken identification should have been given. The issue was fairly raised and pressed by defense counsel, see *Commonwealth* v. *Bowden,* 379 Mass. 472, 483-484 (1980), and required in the circumstances outlined above. See *Commonwealth* v. *Pressley,* 390 Mass. at 620: "Fairness to a defendant compels the trial judge to give an instruction on the possibility of an honest but mistaken identification when the facts permit it and when the defendant requests it."

The Commonwealth's argument that the issue of identification was woven into and adequately covered by the judge's instructions on the presumption of innocence, the credibility of witnesses, and reasonable doubt, ignores the "thrust of *Commonwealth* v. *Rodriguez,* [378 Mass. 296, 302 (1979)]." *Commonwealth* v. *Pressley,* 390 Mass. at 620. Contrast *Commonwealth* v. *Key,* 19 Mass. App. Ct. 234, 242-243 (1985).

The judgment in No. 8523-D is reversed, the verdict is set aside, and the case is remanded to the Juvenile Court for a new trial.[2]

*So ordered.*

*David Duncan* for the defendant.

*William M. White, Jr.*, Assistant District Attorney, for the Commonwealth.

---

[2] The Commonwealth has indicated concern that, in the event of a reversal, it might not be able to retry the defendant, who is no longer a juvenile. However, the Commonwealth stated at oral argument that that issue is not presently before us and need not be decided. In view of that statement, as well as the fact that the issue has not been raised or argued in either the Commonwealth's or the defendant's brief, we do not consider it.